I respectfully dissent from the majority's denial of the petition for writ of mandamus.
Canon 3(C)(1), Alabama Canons of Judicial Ethics states:
 "A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might be questioned . . . ."
(Emphasis added.)
As stated in Ex parte Duncan, 638 So.2d 1332 (Ala. 1994), the pertinent question is, " 'Would a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, find that there is a reasonable basis for questioning the judge's impartiality?' " 638 So.2d at 1334, quoting Matterof Sheffield, 465 So.2d 350, 356 (Ala. 1984)). The fact that the trial judge had been the district attorney and was a member of the bar, as was the petitioner, who was himself a prominent member of the bar, not to mention the fact that he had received a campaign contribution from the petitioner, would certainly give a "person of ordinary prudence" reason for questioning the judge's impartiality. This is not to say that I believe the judge is biased in favor of or against this petitioner; I do not. I do maintain, however, that the public would have reason to think otherwise.
Although I am quite sure that the petitioner has failed to meet the burden set in Rutledge v. State, 523 So.2d 1087
(Ala.Cr.App. 1987), I believe the wiser course of action would be for the trial judge, in circumstances such as the one present in this case, to grant a motion for recusal. Consequently, I must respectfully dissent.